UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE, | No. 2:19-cv-1306-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff, who proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983, has a filed an application to proceed in forma pauperis. ECF No. 2.

<u>Application to Proceed In Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1).[1] Accordingly, plaintiff's request to proceed in forma pauperis is granted.[2]

---

[1] The showing, not typically difficult to adjudicate, was a close call in this instance. Plaintiff's answers on the application form were cursory. *See*, *e.g.*, ECF No. 2 at 2 (Plaintiff, after being asked to list and describe his monthly expenses, answered only "too much." After being asked to list his dependents, he wrote only "various."). Nevertheless, plaintiff indicates that he is on Social Security Income, has an outstanding debt total of eight thousand dollars, and is not currently earning any wages. *Id.* at 1-2. Thus, the showing has been met.

[2] Plaintiff's address indicates that, as of the time of this filing, he is no longer incarcerated. Thus, no separate collection order to a custodial agency will issue.

1

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff's complaint fails to present a "short and plain statement of [his] claim" as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. Rule 8 (a)(2). The complaint runs to sixty-three pages and much of it is comprised of hand-written documents that

are – owing either to faded ink, poor hand-writing, or both – impossible to parse. Nevertheless, the court *is* able to glean that plaintiff is pursuing several different claims related to his confinement at the Sacramento County Jail, none of which are either adequately plead or sufficiently related.

First, plaintiff alleges that unidentified officers ignored his requests for grievance forms. ECF No. 1 at 19. Plaintiff also states, though it is unclear how it is related to his lack of grievance forms, that: (1) he was not allowed to use the facility day room; (2) inmate killings are on the rise; and (3) that the doors and windows of his cell were covered. *Id.*

Next and in a separate claim, he makes vague references to officers: (1) intercepting mail from his family; (2) placing him in a cell with another inmate who made him feel unsafe; and (3) subjecting him to threats of "felony gassing," though this term is never satisfactorily explained. *Id*. at 20. Plaintiff lists all of these issues as part of one claim and, by way of the check the box form which asks the claimant to identify the issue involved, indicated that this claim implicates: (1) a lack of basic necessities; (2) interference with his mail; (3) a threat to safety; (4) interference with the exercise of his religion; and (5) retaliation. *Id.* The form specifically advises the claimant, in bold type, to select only **one** issue. *Id.*

Finally, plaintiff alleges that his rights, including "sovereign citizen rights," were violated when jail officials did not allow him access to a phone, money, or checks after his arrest. *Id.* at 21. Plaintiff states that various other unspecified rights were violated and that this claim is "not limited to the stated facts." *Id.*

The complaint as articulated, fails to state any cognizable claims. Plaintiff has not alleged facts which, if presented to any defendant, would adequately put them on notice as to what claims are being brought against them. Further, plaintiff is advised that, to the extent he is suing multiple defendants (which, from the caption of his complaint, he appears to be), he may not bring multiple, unrelated claims against them. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Plaintiff will be given leave to amend to address the deficiencies identified herein.

### III. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

/////

## Conclusion

Accordingly, it is ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

3. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 6, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE